IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

KWABENA BOAKYE,

   Plaintiff,

     v.

NCL (BAHAMAS) LTD., et al.,

   Defendants.

CIVIL ACTION FILE
NO. 1:17-CV-3201-TWT

**OPINION AND ORDER**

This is a Jones Act case. It is before the Court on the Plaintiff Kwabena Boakye's Motion to Remand [Doc. 7] and the Defendants NCL (Bahamas) Ltd., NCL America Holdings, LLC, NCL America, LLC, and Pride of America Ship Holdings, LLC's Motion to Dismiss [Doc. 3]. For the following reasons, the Plaintiff's Motion to Remand is GRANTED and the Defendants' Motion to Dismiss is DENIED as moot.

**I. Background**

The Plaintiff is an American seaman and is a Georgia resident.[1] The Defendant NCL (Bahamas) Ltd. ("NCL Bahamas") is a Bermuda corporation that has its principal place of business in Miami, Florida.[2] The Defendants NCL

---

[1] Am. Compl. ¶ 1.

[2] *Id.* at ¶ 2.

America, LLC, NCL America Holdings, LLC, and Pride of America Ship Holdings, LLC are Delaware limited liability companies with their principal places of business in Miami, Florida.[3]

According to the Complaint, the Plaintiff was employed by the Defendants as a crew member on the "Pride of America," a United States flagged cruise ship.[4] During the course of his employment, the Plaintiff was responsible for washing dishes in the utility galley.[5] The Plaintiff claims that he was provided with equipment that was not ergonomically sound, that he was not provided with an adequate back belt, and that he was not provided adequate help or support personnel to carry out his duties.[6] At some point, the Plaintiff sustained a back injury that required two spinal surgeries and continued physical therapy.[7] The Plaintiff claims that he still suffers from pain and discomfort in his back and legs.

As a result of his injuries, the Plaintiff filed this action in the State Court of Gwinnett County, Georgia, alleging three counts against each of the

---

[3] *Id.* at ¶ 6.

[4] *Id.* at ¶¶ 22-24. The Amended Complaint states that all of the Defendants "were and are engaged in business as a vessel owner, and/or operator of vessels, and was the owner, lessee, lessor, charterer, sub charterer, operator, and/or owner *pro hac vice* of the 'Pride of America.'" *Id.* at ¶ 23.

[5] *Id.* at ¶ 27.

[6] *Id.*

[7] *Id.* at ¶¶ 30-31.

Defendants: (1) negligence under the Jones Act, (2) unseaworthiness, and (3) failure to provide maintenance and cure. The Defendants removed the action to this Court, then moved to dismiss the action. The Plaintiff has since filed an Amended Complaint, and now moves to remand this action back to state court.

## II. Legal Standard

The authority of federal courts is limited; that is, they may only hear those cases which the Constitution and the Congress of the United States have authorized them to hear.[8] "Except as otherwise expressly provided by Act of Congress," any action originally filed in state court may be removed by a defendant to federal court if it would otherwise meet the constitutional and statutory requirements for original federal jurisdiction.[9] "A removing defendant has the burden of proving the existence of federal jurisdiction."[10] Due to the limited nature of federal jurisdiction, "removal statutes are construed narrowly; where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand" to the originating state court.[11]

---

[8] *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

[9] *See* 28 U.S.C. § 1441(a).

[10] *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1356 (11th Cir. 1996), *abrogated by Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000).

[11] *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994).

### III. Discussion

The Plaintiff has moved to remand this case back to state court for lack of subject jurisdiction. In their Notice of Removal, the Defendants cited two bases for removal: diversity and the federal admiralty jurisdiction.[12] The Defendants have since abandoned their diversity argument, and now exclusively argue that the Plaintiff's non-Jones Act claims are removable under 28 U.S.C. § 1441(a) because of the Court's original jurisdiction over admiralty claims.[13] Consequently, the only question before the Court is whether the Plaintiff's maritime claims are removable based solely on the Court's admiralty jurisdiction.

28 U.S.C. § 1333 grants district courts original jurisdiction over all cases of "admiralty or maritime jurisdiction, saving to suitors in all cases all other remedies to which they are otherwise entitled." This means that while federal courts have original jurisdiction over admiralty cases, which involve unique procedures and remedies, plaintiffs still have the right to pursue common law

---

[12] Defs.' Notice of Removal ¶ 1 [Doc. 1]. In the Notice of Removal, the Defendants did not address the established line of Supreme Court cases holding that Jones Act cases are not removeable under diversity jurisdiction. Romero v. International Terminal Operating Co., 358 U.S. 354, 371-372 (1959); Lewis v. Lewis & Clark Marine, Inc., 531 U.S. 438, 455 (2001)("[R]espondent raised a Jones Act claim, which is not subject to removal to federal court even in the event of diversity of the parties."). Nor did the Defendants reference 28 U. S. C. § 1445(a)( incorporated by reference in 46 U. S. C. § 30104) which categorically bars removal of Jones Act cases.

[13] Defs.' Resp. to Pl.'s Motion to Remand, at 2-7 [Doc. 10].

remedies in state court. This effectively gives a plaintiff, such as this one, alleging an *in personam* maritime claim three options: "(1) file suit in federal court under admiralty jurisdiction; (2) file suit in federal court under diversity jurisdiction (or some other applicable jurisdictional basis); or (3) file suit in state court pursuing common law remedies."[14]

Historically, when a plaintiff has chosen the third option, federal courts have refused to allow defendants to remove those cases. Some courts, such as the Court of Appeals for the Fifth Circuit, reached this conclusion based exclusively on the language of the removal statute, 28 U.S.C. § 1441.[15] Prior to 2011, the removal statute provided that any civil action could be removed to federal court if a federal court would have had original jurisdiction, as long as either (1) none of the defendants were being sued in their home state, or (2) it was based on federal question jurisdiction.[16] Because maritime claims do not on their own raise questions of federal law,[17] "the practical effect of these provisions

---

[14] *Palmer v. Georgia Ports Authority*, 2016 WL 5030372, at *2 (S.D. Ga. Sept. 19, 2016) (citing *St. Paul Fire & Marine Ins. Co. v. Lago Canyon, Inc.*, 561 F.3d 1181, 1187 n.13 (11th Cir. 2009)). These options are limited to *in personam* actions because federal courts have exclusive jurisdiction over *in rem* admiralty actions. *Madruga v. Superior Court of State of Cal. in & for San Diego Cty.*, 346 U.S. 556, 560 (1954).

[15] *See, e.g., In re Dutile*, 935 F.2d 61, 62-63 (5th Cir. 1991) (finding that maritime cases were not removable without complete diversity).

[16] 28 U.S.C. § 1441 (2006) (amended in 2011).

[17] *See Romero v. Int'l Terminal Operating Co.*, 358 U.S. 354, 378 (1959) (finding it "clear that the words of [the 'arising under'] statute do not extend, and could not reasonably be interpreted to extend, to cases of admiralty

[was] to prevent the removal of admiralty claims pursuant to [the removal statute] unless there [was] complete diversity of citizenship (predicated upon out-of-state defendants)."[18] Thus, in cases where there was not complete diversity, some courts felt perfectly comfortable relying solely on the language of section 1441 in rejecting removal.

But in 2011, Congress amended the removal statute so that it now reads, in relevant part:

> **(a) Generally.**—Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.
>
> **(b) Removal based on diversity of citizenship.**—
>
> **(1)** In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded.
>
> **(2)** A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.[19]

---

and maritime jurisdiction").

[18]   *In re Dutile*, 935 F.2d at 63.

[19]   Pub. L. No. 112-63, 125 Stat. 758 (codified as amended at 28 U.S.C. § 1441, et al.).

Practically speaking, this amendment limited the old "home state rule" to only those cases where removal was based on diversity alone. Whereas before the amendment, *no* case could be removed if a defendant was in his home state, *unless* there was a federal question, now, *all* cases involving a home state defendant in which a federal court could have had original jurisdiction can be removed *unless* jurisdiction is based solely on diversity.

With this change in the removal statute, however, the reliance by some courts on section 1441 alone led to some unfortunate confusion regarding removal of maritime cases. In particular, a few district courts in the Fifth Circuit, believing the only bar to removal had been the home state defendant rule in the old version of the statute, held that maritime cases were now removable solely on the basis of federal admiralty jurisdiction.[20] For example, in the first opinion to take this approach, *Ryan v. Hercules Offshore, Inc.*, the district court reasoned that:

> (1) federal courts have original jurisdiction over admiralty claims;
>
> (2) the saving to suitors clause does not preclude federal courts from exercising jurisdiction over admiralty claims originally brought in state court;
>
> (3) the old version of section 1441(b) was relied upon as the "Act of Congress" that precluded federal courts from exercising removal jurisdiction unless the requirements of section 1441(b) were met; and

---

[20] *See, e.g., Ryan v. Hercules Offshore, Inc.*, 945 F. Supp. 2d 772, 777-78 (S.D. Tex. 2013).

(4) admiralty cases do not arise under the Constitution, treaties or laws of the United States, so admiralty cases were considered "any other such actions" under the prior version of section 1441(b) and were thus removable only if none of the parties in interest properly joined and served as defendants was a citizen of the State in which the action was brought.[21]

Because Congress changed section 1441(b), the *Ryan* court held that there was no longer any "Act of Congress" which barred maritime claims from being removed.[22]

But despite some initial acceptance, *Ryan* has been nearly universally criticized by courts around the country since it was decided, including within the Fifth Circuit, and for good reason.[23] Perhaps the most obvious ways in which the *Ryan* court erred was its assumption that the removal statute was the *only* barrier to removal for maritime claims. But while the previous version of section 1441 may have provided an additional reason to deny removal, the foundational barrier to removal of most *in personam* maritime claims is the saving to suitors clause, which is an integral part of the very statute granting federal courts original jurisdiction over admiralty claims in the first place. In

---

[21] *Id.* at 777.

[22] *Id.*

[23] *Compare, e.g.*, *Bridges v. Phillips 66 Co.*, 2013 WL 6092803, at *4 (M.D. La. Nov. 19, 2013) (following *Ryan*) and *Wells v. Abe's Boat Rentals Inc.*, 2013 WL 3110322, at *3 (S.D. Tex. June 18, 2013) (same) *with Mims v. Deepwater Corrosion Servs., Inc.*, 90 F. Supp. 3d 679, 691 (S.D. Tex. 2015) (collecting cases in the Fifth Circuit that have disagreed with *Ryan*) and *Pierce v. Parker Towing Co., Inc.*, 25 F. Supp. 3d 1372, 1380 (S.D. Ala. 2014) (rejecting *Ryan*'s reasoning, even on its own terms).

addition to giving federal courts original jurisdiction over admiralty claims, 28 U.S.C. § 1333 specifically "sav[es] to suitors in all cases all other remedies to which they are otherwise entitled."[24] This means that the statute protects a plaintiff's choice to pursue more familiar remedies at common law in state court instead of subjecting his claim to the unique procedures of admiralty that would control in federal court. And in contrast with the Fifth Circuit, courts in the Eleventh Circuit have consistently relied on the saving to suitors clause, not the removal statute, as the basis for denying the removal of *in personam* maritime claims.[25]

In this case, the Plaintiff filed his maritime claims in state court and demanded a jury trial.[26] But whereas jury trials are often available for maritime claims in state courts,[27] jury trials are generally not granted in admiralty cases

---

[24] 28 U.S.C. § 1333.

[25] *Palmer*, 2016 WL 5030372, at *3 ("... in denying the removal of *in personam* maritime claims based on the existence of admiralty jurisdiction alone, courts in the Eleventh Circuit have [expressly] relied upon the saving to suitors clause's protection of a plaintiff's right to pursue common law remedies."). *See also Pierce*, 25 F. Supp. 3d at 1380 ("However, § 1441 was not the basis for denying removal of *in personam* claims in the Eleventh Circuit . . . [t]his is because it was made clear that there is no jurisdiction in this court, based solely on § 1333, of *in personam* claims seeking common law remedies.").

[26] Original Compl., at 9 [Doc. 1-1].

[27] *Fitzgerald v. U. S. Lines Co.*, 374 U.S. 16, 20 (1963) (stating that while it is true that "the Seventh Amendment does not require jury trials in admiralty cases, neither that Amendment nor any other provision of the Constitution forbids them.").

in federal court.[28] Thus, if the Plaintiff's maritime claims were to be removed to this court based solely on this Court's admiralty jurisdiction, the Plaintiff would lose his common law right to a trial by jury.[29] This would effectively force the Plaintiff out of a Court of Law and into a Court of Admiralty. The saving to suitors clause, which is an Act of Congress, specifically prevents this. As such, this case falls within the exception to section 1441(a) and is not removable. Lacking subject matter jurisdiction over these claims, the Court must remand this case back to the originating state court.

In addition to remand, the Plaintiff also seeks attorney's fees under 28 U.S.C. § 1447. Section 1447(c) allows district courts to award attorney's fees "where the removing party lacked an objectively reasonable basis for seeing

---

[28] *See Beiswenger Enterprises Corp. v. Carletta*, 86 F.3d 1032, 1037 (11th Cir. 1996) ("[A]s in all admiralty cases, there is no right to a jury trial."). *But see Fitzgerald*, 374 U.S. at 20-21 (holding that plaintiffs may seek a jury trial for maritime claims that have been joined with Jones Act claims). Though the Plaintiff did pair his maritime claims with Jones Act claims, "[a]s a general matter, a defendant may not remove a Jones Act claim brought in state court . . . ." *Escobar v. Celebration Cruise Operator, Inc.*, 805 F.3d 1279, 1292 (11th Cir. 2015). Thus, that option is not available here.

[29] "In contrast, were an independent jurisdictional basis to exist (i.e., in addition to admiralty jurisdiction), [the] Plaintiff would not necessarily lose his common law remedy of trial by jury upon removal." *Palmer*, 2016 WL 5030372, at *4. *See also Pierce*, 25 F. Supp. 3d at 1381 (same). However, as discussed above, the Defendants abandoned their arguments for alternative bases of jurisdiction.

removal."[30] Thus, the standard for awarding fees "turn[s] on the reasonableness of the removal," and is left to the discretion of the district court.[31]

In this case, as discussed above, the Defendants originally cited two grounds for removal: diversity and admiralty jurisdiction. After the Plaintiff moved to remand the case, the Defendants quickly abandoned their diversity argument. And though they were able to cite the *Ryan* line of cases in support of their admiralty argument, the Defendants completely ignored the jurisprudence in this Circuit regarding removal of claims based solely on admiralty jurisdiction.[32] Not only did the Defendants fail to cite a single case in this Circuit, but they failed to even engage with any cases outside of the Fifth Circuit. While the issue may technically still be unsettled in the Fifth Circuit – and even that is up for debate[33] – it never has been here. In addition, the Defendants totally disregarded long-standing and well-established precedent when they attempted to remove the Plaintiff's Jones Act claim.[34] Taken together,

---

[30]   *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).

[31]   *Id.*

[32]   *See, e.g., Palmer*, 2016 WL 5030372, at *3 (stating the courts in the Eleventh Circuit have consistently relied on the saving to suitors clause, not the removal statute, to deny removal of *in personam* maritime cases. Also, collecting numerous cases.).

[33]   After a small number of courts followed *Ryan* in the first few months after it was decided, since then the vast majority of courts in the Fifth Circuit have rejected it. *See Mims*, 90 F. Supp. 3d at 691-92 (S.D. Tex. 2015) (collecting district court cases in the Fifth Circuit rejecting *Ryan*).

[34]   *Escobar*, 805 F.3d at 1292.

the Court finds that the Defendants' arguments for removal were unreasonable, and that attorney's fees are warranted under section 1447.

## IV. Conclusion

For the reasons stated above, the Plaintiff's Motion to Remand [Doc. 7] is GRANTED and the Defendants' Motion to Dismiss [Doc. 3] is DENIED as moot. The Plaintiff has fourteen days to submit an appropriate application for fees.

SO ORDERED, this 6 day of March, 2018.


/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge